# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA TAYLOR,** | * | Case No. 2:17-cv-508 |
| *Plaintiff,* | * | |
| v. | * | |
| **GREAT CLIPS LAWN CARE LLC,** | * | **VERIFIED COMPLAINT FOR WAGE THEFT** |
| *Defendant.* | * | |
| | * | |

## PRELIMINARY STATEMENT

1. Plaintiff brings this complaint against Defendant for recovery of unpaid wages. Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of his costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution). Further, Plaintiff seeks his unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15.

## JURISDICTION & VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367(a) because they form a part of the exact same case or controversy, i.e., nonpayment of wages due and owing.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is within Franklin County, Ohio.

## PARTIES & BACKGROUND

4. Plaintiff was employed by Defendant as a lawncare and property preservation worker from approximately February 6, 2017 until May 6, 2017, and Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e).

5. Plaintiff, while employed by Defendant, was engaged in commerce because Defendant employed Plaintiff as a landscaper, and Plaintiff utilized tools, equipment, and materials manufactured or grown outside of the State of Ohio.

6. Defendant Great Clips Lawn Care LLC was a limited liability company organized under the laws of the State of Ohio.

7. Defendant Great Clips Lawn Care LLC previously did business as a sole proprietorship, i.e., Thomas G. Thompson doing business as Great Clips Lawn Care.

8. Defendant promised to pay Plaintiff $12.00 per hour with no premium pay for hours worked after forty, and most of the time.

9. Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

10. Defendant, at all times relevant, had gross annual receipts in excess of $500,000.00; had at least two employees performing work in the State of Ohio; and purchased equipment, tools, and materials made or grown in locations outside the State of Ohio—all of which constitutes interstate commerce.

11. Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

12. Defendant failed to pay Plaintiff at all for two weeks of work, that is, 36.5 hours of work between April 24, 2017 and April 28, 2017 as well as 44 hours of work between May 1, 2017 and May 6, 2017. Further, Plaintiff never paid Plaintiff time and one-half for his hours worked after forty in two different workweeks, that is, for 3.75 hours of work after forty between April 10, 2017 and April 14, 2017 as well as 4 hours of work after forty between May 1, 2017 and May 6, 2017.

**FIRST CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under the FLSA)*

13. Plaintiff re-alleges and incorporates the above allegations.

14. Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform in 2017.

15. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $0.00 per hour for 80.5 hours of work, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours he worked in 2017 and did not dispute that the wages were due and owing.

17. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law, for Plaintiff's hours worked in 2017.

18. Because Defendant willfully has failed to pay Plaintiff at least the minimum rate of wages for all hours he worked at $7.25 per hour worked, Plaintiff is entitled to collect $583.63 as and for liquidated damages, i.e., 80.5 hours multiplied by $7.25 per hour.

## SECOND CLAIM FOR RELIEF

*(Non-Payment of Minimum Wages under Ohio Law)*

19. Plaintiff re-alleges and incorporates the above allegations.

20. Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform.

21. Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour in 2017, which is less than the applicable Ohio minimum wage rate of $8.15 per hour worked in 2017.

22. Defendant knowingly and willfully failed to pay Plaintiff the minimum rate of wages for all hours worked in 2017.

23. Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law, for hours he worked in 2017.

24. Because Defendant has failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2017 at $8.15 per hour worked, Plaintiff is entitled to collect $1,312.15 as and for liquidated damages, i.e., 80.5 hours multiplied $8.15 per hour multiplied by 2.

## THIRD CLAIM FOR RELIEF

*(Non-Payment of Overtime Wages under the FLSA)*

25. Plaintiff re-alleges and incorporates the above allegations.

26. Under 29 U.S.C. § 207, Defendant was obligated to pay Plaintiff one and one

half times his regular rate of pay for any work it suffered, permitted, or required Plaintiff to perform after forty hours of work in each workweek.

27. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 207 by suffering or permitting Plaintiff to work for $12.00 per overtime hour work, i.e., Plaintiff's straight-time rate, for 3.75 hours of work after forty between April 10, 2017 and April 14, 2017, which is less than the required premium rate of pay, i.e., $18.00 per hour.

28. Defendant willfully failed to comply with the requirements of 29 U.S.C. § 207 by suffering or permitting Plaintiff to work for $0.00 per overtime hour work for 4 hours of work after forty between May 1, 2017 and May 6, 2017, which is less than the required premium rate of pay, i.e., $18.00 per hour.

29. Defendant knowingly and willfully failed to pay Plaintiff the proper rate for all overtime hours he worked.

30. Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff.

31. Defendant does not qualify for an exemption from paying overtime wages to Plaintiff under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of law.

32. Because Defendant willfully has failed to pay Plaintiff one and one half times his regular rate of pay for all hours he worked after forty in each workweek, Plaintiff is entitled to collect $94.50 as and for back wages (i.e., 3.75 hours multiplied by $6.00 per hour plus 4 hours multiplied by $18.00 per hour) and $94.50 as and for liquidated damages (i.e., a like amount in liquidated damages).

## FOURTH CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

33. Plaintiff re-alleges and incorporates the above allegations.

34. For 80.5 hours of work in 2017, Defendant failed to pay Plaintiff his hourly, agreed upon wage rate of $12.00 per hour.

35. Defendant failed to pay Plaintiff his wages, as described above, within the statutory time period under Ohio Rev. Code § 4113.15.

36. To date, Defendant has failed to pay wages in the amount of $966.00, i.e., 80.5 hours multiplied by $12.00 per hour due and owing to Plaintiff, and there is no dispute that Plaintiff is owed these wages.

37. Because Defendant failed to pay Plaintiff his wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks his wages in the amount of $966.00 plus liquidated damages in the amount of $200.00.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

a. ordering Defendant to pay Plaintiff $1,060.50 as and for back pay;

b. ordering Defendant to pay an additional $2,190.28 as and for federal and state liquidated damages for each hour Plaintiff worked for which Defendant failed to pay him proper minimum or overtime wages;

c. ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

d. awarding any other legal or equitable relief.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750) [Trial Attorney]
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

## DECLARATION OF VERIFICATION

I, Joshua Taylor, do hereby declare under penalty of law that the following is true:

1. I am over the age of 21 and competent to make the statements herein.

2. I have reviewed each and every line in the foregoing complaint.

3. I am familiar with all factual allegations in the foregoing complaint.

4. I have personal knowledge of all factual allegations contained in the foregoing complaint, which are true to best of my knowledge.

Date: 6/12/17

Joshua Taylor